[No. 7,528.—In Bank.]
April 1, 1882.

## PERRY LE BLANC, EXECUTOR ETC., *v.* MORGAN J. CRAWFORD.

ACTION FOR RENT—HOLDING OVER—FINDINGS—SUFFICIENCY OF EVIDENCE.— In an action for rent the complaint alleged a written lease, and a holding over after the expiration thereof. The Court found that there was no written lease, but an express contract from year to year to pay three hundred dollars per annum.

*Held:* The finding is not supported by the evidence; and the judgment cannot be sustained upon the ground there was no implied agreement to pay the value of the use and occupation, because the Court does not find what was the value.

APPEAL from a judgment for the plaintiff and from an order denying a new trial in Superior Court of the County of San Joaquin.   PATERSON, J.

*F. J. Baldwin, J. C. Campbell* and *J. H. Budd,* for Appellant.

*Terry, McKinne & Terry,* for Respondent.

SHARPSTEIN, J.:

The allegation in the complaint is that "the land was leased by the plaintiff to the defendant on or about the —— day of October, 1874, for three hundred dollars per annum, payable on or about the —— day of October, 1875, under a *written lease* for the first year, and that defendant has continued to occupy, cultivate and use said lands since said —— day

of October, 1874. That the value of the occupation and use of said land since, etc., was the sum of twelve hundred dollars."

The finding of the Court is "that no written lease ever was made by plaintiff and defendant for the use and occupation of said premises by defendant, but that there was an express verbal agreement each and every year, and an express promise on the part of defendant each and every year from the —— day of October, 1874, to the —— day of October, 1878, that the defendant would pay to the plaintiff, for the use and enjoyment of the said undivided half interest of the estate of Hough, the sum of three hundred dollars a year."

The complaint is founded upon a written lease and a holding over after the expiration thereof, from which the law would imply a promise to pay the same amount of rent per annum that was stipulated for in the lease. The finding is that there was no written lease, but an express contract from year to year to pay three hundred dollars per annum for the use and occupation of a portion of the premises described in the complaint.

But this finding is not supported by the evidence. There is no proof of any such express agreement, and the judgment cannot be sustained upon the ground that there was an implied agreement to pay the value of the use and occupation of the premises, because the Court does not find what was the value of the use and occupation.

Judgment and order reversed.

MORRISON, C. J., and ROSS, MYRICK, McKEE, and McKINSTRY, JJ., concurred.